**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-09211 BKT** |
| | **Chapter 13** |
| **JOSEFINA CRUZ MALDONADO &** | |
| **CARLOS MANUEL BAIRAN RIVERA** | **FILED & ENTERED ON 10/14/2014** |
| **Debtor(s)** | |

## OPINION AND ORDER

Before this court is a Motion to Withdraw Consigned Funds as Payment of Legal Fees filed by Carlos I. León Camacho ("Mr. León"), special counsel for Debtor, Josefina Cruz Maldonado [Dkt. No. 188], Trustee's Motion Outlining Controversy and Motion to Dismiss filed by Chapter 13 Trustee, Alejandro Oliveras Rivera ("Trustee") [Dkt. No. 192], Motion to Withdraw Settlement Funds in Compliance with Settlement and to Deem the Plan Base Completed filed by Debtors, Josefina Cruz Maldonado and Carlos Manuel Bairan Rivera ("Debtors") [Dkt. No. 194], Opposition to Motion Requesting Withdrawal of Consigned Funds by Carlos I. León Camacho, Esq. filed by Debtors [Dkt. No. 195], and Opposition to Trustee's Motion Outlining Controversy and Motion to Dismiss filed by Debtors [Dkt. No. 197]. For the reasons set forth below, Debtors' Motion to Withdraw Settlement Funds in Compliance with Settlement and to Deem the Plan Base Completed is GRANTED, Mr. León's Motion to Withdraw Consigned Funds as Payment of Legal Fees is DENIED, and Trustee's Motion Outlining Controversy and Motion to Dismiss is DENIED.

## I.  Factual Background

On September 30, 2010, Debtors filed for relief under chapter 13 of the Bankruptcy Code [Dkt. No. 1]. Thereafter, Debtor Josefina Cruz Maldonado, learned of the existence of a cause of action ("Tort Claim") in her favor against Wal-Mart De Puerto Rico, Inc. ("Walmart"). Debtors amended their schedules to include said Tort Claim as part of the bankruptcy estate [Dkt. No. 63]. On May 20, 2011, Debtors submitted their application to employ Mr. León as Special Counsel for the Debtors in the Tort Claim on a contingent basis at 33% of any amounts recovered for the Debtors and/or the estate, plus actual costs and expenses [Dkt. No. 64]. On June 9, 2011 this Court approved said application [Dkt. No. 69].

On December 8, 2011, this Court confirmed the Debtors' amended plan [Dkt. No. 105]. At the time of approval, the Tort Claim was still pending. Therefore, this Court approved a contingent payment provision in the plan to account for any proceeds derived from the Tort Claim. Said provision reads that a lump-sum payment of $7,753.00 is to be received:

> From settlement or judgment of non-exempt proceeds from law suit.
>
> Payment is contingent to when and if prevailing in the judicial action.
>
> If the non exempt amount to be received, if and when received, provides for greater distribution, this lump sum amount should be deemed amended for the lesser of:
>
> (a) up to the non-exempt amount received, or
> (b) to the amount needed to pay 100% to general unsecured creditors and 6% for present value for general unsecured creditors.

A few months later, the Tort Claim was settled for $35,000.00. This Court subsequently approved Mr. León's Application for Compensation, awarding $11,550.00 in attorney's fees and

$1,002.00 in expenses [Dkt. No. 136]. On March 13, 2014, Walmart motioned for leave to consign the $35,000.00 with the court [Dkt. No. 176]. This Court denied the motion, and ordered Walmart to deliver the settlement amount to the Trustee within fourteen (14) days [Dkt. No. 178].

On April 1, 2014, Walmart and the Debtors requested that this Court reconsider Walmart's motion to consign the settlement funds [Dkt. No. 180]. Due to Walmart's internal bureaucratic process, the reissuing of a new check paid to the order of the Trustee would take months. Given the aforementioned, this Court granted the motion for reconsideration [Dkt. No. 182].

On April 30, 2014, Mr. León submitted a motion requesting the withdrawal of his consigned attorney's fees [Dkt. No. 188]. Mr. León's attorney's fees and expenses total $12,552.00. On May 13, 2014, the Trustee submitted a motion outlining the controversy and a motion to dismiss [Dkt. No. 192].

In his motion, the Trustee argues that the non-exempt funds should be used to pay unsecured creditors, as was allegedly envisioned when the plan was confirmed. The Debtors claimed a $22,447.00 exemption from the Tort Claim proceeds. This leaves $12,553.00 in non-exempt funds ("non-exempt funds"). However, if the $12,552.00 in attorney's fees and expenses are deducted, only $1.00 in non-exempt funds will be left to distribute amongst the creditors. The Trustee argues that because the plan called for the possible payment in full of the general unsecured debt, the unsecured creditors have priority over the non-exempt funds. This would leave $4,800.00 to compensate Mr. León.

3

On June 9, 2014, Debtors filed their Motion to Withdraw Settlement Funds in Compliance with Settlement and to Deem the Plan Base Completed [Dkt. No. 194], and Opposition to Motion Requesting Withdrawal of Consigned Funds by Carlos I. León Camacho, Esq. [Dkt. No. 195]. In said motions, Debtors note that on March 14, 2014, they reached an agreement with the Trustee as to the funds from the Tort Claim [Dkt. No. 177]. Said agreement states:

> a. the tort claim proceeds of joint debtor JOSEFINA CRUZ MALDONADO, in the amount of $35,000.00 are to be tendered, by defendant Wal-Mart de P.R. Inc., to the Chapter 13 trustee, Mr. Alejandro Oliveras Rivera.

> b. upon receipt of the $35,000.00, the trustee shall forthwith disburse to JOSEFINA CRUZ MALDONADO, the portion claimed by her as exempt, $22,447.00 and, $12,552.00 to special counsel Mr. Mr. Carlos I. Leon Camacho.

As a result, the Debtors' request that the court deny Mr. León's motion requesting funds consigned with the court, and grant an order issuing a check for $35,000.00 in favor of the Trustee, to be distributed as agreed upon.

Lastly, on June 17, 2014, the Debtors submitted their Opposition to Trustee's Motion Outlining Controversy and Motion to Dismiss filed by Debtors [Dkt. No. 197]. Aside from reemphasizing the language in the aforementioned agreement, the Debtors note that there exists strong public policy favoring settlement agreements. The Debtors argue that the parties are bound by their agreement, particularly given the fact that it was made in writing and filed with the court. For the following reasons, the court agrees with the Debtors.

4

## II. Legal Analysis and Discussion

The main issue before this Court is whether Mr. León's attorney's fees and expenses have priority over the payment of unsecured creditors. In order to resolve the matter at hand, "an understanding of the statutory framework dealing with the allowance and payment of priority claims in Chapter 13 cases is required." In re Busetta-Silvia, 314 B.R. 218, 222-23 (B.A.P. 10th Cir. 2004).

Under 11 U.S.C. § 1322(a)(2), unless the holder of a priority claim agrees to different treatment, a Chapter 13 plan shall "provide for full payment, in deferred cash payments, of all claims entitled to priority under section 507." Id. Section 507(a)(2) affords first priority to "administrative expenses allowed under section 503(b). 11 U.S.C. § 507. Furthermore, 11 U.S.C. § 503(b) states, in relevant part, that "there shall be allowed administrative expenses, . . . including— . . . (2) compensation and reimbursement awarded under section 330(a) of this title." Busetta-Silvia, 314 B.R. at 222-23. "Section 330 authorizes the Court to award reasonable compensation for actual, necessary services rendered by professionals." In re Chewning & Frey Sec., Inc., 328 B.R. 899, 912 (Bankr. N.D. Ga. 2005). "Reading these statutes together, an attorney fee awarded under § 330(a) is entitled to a [second] priority under § 507(a)([2]) and must be paid in full under the terms of the Chapter 13 plan, unless the attorney agrees otherwise." Id. The only unsecured claims that have priority over an attorney fee awarded under § 330(a) are those related to domestic support obligations. 11 U.S.C. § 507(a).

When interpreting a statute, the court must start with the statute's plain text. In re BankVest Capital Corp., 360 F.3d 291, 296 (1st Cir. 2004). "In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, the sole function of the

5

courts is to enforce it according to its terms." U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (citing Caminetti v. United States, 242 U.S. 470, 485, (1917)). It is undisputed that that Mr. León provided actual and necessary services that benefitted the Debtors [Dkt. No. 64 & 69]. The Trustee admits that Mr. León is entitled to his attorney's fees & expenses as "his services benefitted" the Debtors [Dkt. No. 192, ¶ 14]. Given the reasonableness of his services and the lack of opposition from the Trustee or any creditor, this Court saw fit to grant Mr. León's application for compensation [Dkt. No. 116, 134, 135 & 136]. Therefore, it is undisputed that Mr. León is entitled to his attorney's fees and expenses under the Bankruptcy Code, and that said fees and expenses have priority over the payment of unsecured creditors.

Regardless of the Bankruptcy Code's clear language favoring Mr. León's priority, the Trustee argues that because the confirmed plan envisioned the possibility of payment in full of the general unsecured debt with the funds received from the Tort Claim, the unsecured creditors have priority over the non-exempt funds. Even if this Court were to ignore the Bankruptcy Code and solely analyze the issue based on the confirmed plan's language, the Trustee's argument would nonetheless fall short. The confirmed plan reads as follows:

> From settlement or judgment of non-exempt proceeds from law suit.
>
> Payment is contingent to when and if prevailing in the judicial action.
>
> **If the non exempt amount to be received, if and when received, provides for greater distribution**, this lump sum amount should be deemed amended for **the lesser of**:
>
> (a) up to the non-exempt amount received, **or**
> (b) to the amount needed to pay 100% to general unsecured creditors and 6% for present value for general unsecured creditors.

6

[Dkt. 95] (emphasis added). As per its terms, the confirmed plan anticipated the possibility of proceeds from the Tort Claim. If and when the bankruptcy estate were to receive said proceeds, the non-exempt amount would be distributed through the plan. While the plan estimated a $7,553.00 distribution, said amount was no more than just that, an estimate. The confirmed plan's language makes clear that the possibility of receiving no proceeds from the Tort Claim was taken under consideration and account for.

Additionally, the confirmed plan acknowledged the possibility of receiving more than $7,553.00. If the non exempt amount received would have totaled more than $7,553.00, the lump sum amount would have been amended to the lesser of the non exempt amount received or the amount needed to pay 100% to general unsecured creditors and 6% for present value. However, the non exempt amount does provide for greater distribution, as only $1.00 is available for payment into the plan.

It is evident that the confirmed plan did not foresee the possibility of receiving less than $7,553.00. However, once the reality the situation became apparent, the Trustee acknowledged and acquiesced to the lump sum payment of $1.00 for distribution through the plan. In a joint motion with the Debtors, the Trustee agreed to the following stipulations:

> a. the tort claim proceeds of joint debtor JOSEFINA CRUZ MALDONADO, in the amount of $35,000.00 are to be tendered, by defendant Wal-Mart de P.R. Inc., to the Chapter 13 trustee, Mr. Alejandro Oliveras Rivera.
>
> b. upon receipt of the $35,000.00, the trustee shall forthwith disburse to JOSEFINA CRUZ MALDONADO, the portion claimed by her as exempt, $22,447.00 and, $12,552.00 to special counsel Mr. Mr. Carlos I. Leon Camacho.

7

[Dkt. 116]. The Trustee has provided no explanation as to why he is refusing to uphold his end of the agreement, and this Court cannot justify not enforcing it according to its terms.

### III. Conclusion

WHEREFORE, IT IS ORDERED that Debtors' Motion to Withdraw Settlement Funds in Compliance with Settlement and to Deem the Plan Base Completed is GRANTED, Mr. León's Motion to Withdraw Consigned Funds as Payment of Legal Fees is DENIED, and Trustee's Motion Outlining Controversy and Motion to Dismiss is DENIED. The Clerk of Court will tender a check in the amount of $35,000.00, plus any and all interests accrued, to the order of Chapter 13 trustee, Mr. Alejandro Oliveras Rivera. Once deposited, the Trustee is to tender: (1) a check in the amount of $12,552.00 to the order of special counsel Carlos I. León Camacho; (2) a check in the exempted amount of $22,447.00 to the order of the Debtors; and (3) distribute the remaining $1.00 in accordance with the confirmed plan.

In San Juan, Puerto Rico this 14th day of October, 2014.

Brian K. Tester
U.S. Bankruptcy Judge

8